IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARTURO CASTRO, and all others §
similarly situated under §
29 U.S.C. § 216(b), §
§
Plaintiff, §
§   Civil Action No. 3:15-CV-0213-D
VS. §
§
PRECISION DEMOLITION LLC, §
et al., §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

Following a jury trial in this action alleging claims for unpaid overtime and retaliation

under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*., plaintiff and

defendants move for judgment as a matter of law under Fed. R. Civ. P. 50(b) and to alter or

amend the judgment under Rule 59(e).   For the reasons that follow, the court grants

defendants' renewed motion for judgment as a matter of law, grants in part plaintiff's motion

to alter or amend the judgment, and otherwise denies the motions.   The court is filing today

an amended judgment in accordance with these rulings.

I

Castro brought this putative collective action on behalf of himself and all others

similarly situated against defendants Precision Demolition LLC and Precision Demolition,

LP (collectively, "Precision Demolition"), Holfords Prairie Partners, LLC ("Holfords"),

Raymond D. Rinker III[1] ("Rinker"); and Aaron Smith ("Smith").  Castro alleged claims for unpaid overtime wages, under 29 U.S.C. § 216(b), and for retaliation, under 29 U.S.C. § 215(a)(3).

The parties tried the case to a jury, which returned a verdict partly in favor of Castro, and partly in favor of defendants.  Regarding Castro's FLSA overtime claim, the jury found that Castro had proved the essential elements of this claim against Precision Demolition, Rinker, and Smith, but not against Holfords, and that Precision Demolition had willfully violated the FLSA.  The jury found that Precision Demolition owed Castro $608.85 for unpaid overtime for travel time.  Regarding Castro's FLSA retaliation claim, the jury found that Castro had proved all of the essential elements of this claim as to Precision Demolition and awarded him $13,300 in "Back pay."

The court entered judgment on the verdict, awarding Castro judgment against Precision Demolition in the principal sum of $13,908.85, together with liquidated damages in the sum of $608.85, and post-judgment interest on the foregoing sums at the rate of 0.57% per annum.  The court also ordered that Castro recover from Precision Demolition such attorney's fees and related nontaxable expenses as the court might thereafter award on timely motion.  The court assessed the taxable costs of court of Holfords, Rinker, and Smith against Castro.

Castro now moves for judgment as a matter of law, contending that because Holfords

---

[1]The complaint incorrectly identifies this defendant as Raymond D. *Ricker* III.

is the general partner of the limited partnership that employed Castro (i.e., Precision Demolition), Holfords is a joint employer and is jointly and severally liable for Castro's damages. Castro also moves to alter or amend the judgment to impose liability for his claims on Holfords, Rinker, and Smith, and to award liquidated damages for his retaliation claim, contending that liquidated damages are mandatory by law, and that, even if an award of liquidated damages is discretionary, such an award is appropriate in this case to effectuate the purposes of the anti-retaliation provisions of the FLSA.

Defendants move for judgment as a matter of law, contending that Castro failed to prove that any defendant retaliated against him in violation of the FLSA, and to prove that he would have both been neither demoted nor terminated but for his participation in activity protected under the FLSA. Defendants move to alter or amend the judgment, contending that the jury's finding that any defendant retaliated against Castro is clearly erroneous, and that the jury's finding that Castro proved that he reasonably mitigated his damages is also clearly erroneous.

II

Before turning to the merits of the parties' motions, the court will address defendants' motion for leave to supplement their renewed motion for judgment as a matter of law.

A

Castro and defendants initially moved during trial for judgment as a matter of law under Rule 50(a). After the court entered the judgment, both sides filed renewed motions for judgment as a matter of law, under Rule 50(b), and motions to alter or amend the judgment,

- 3 -

under Rule 59(e).  The parties then filed a joint motion to extend the deadlines to respond to the pending post-trial motions.  Castro later moved for entry of a post-trial scheduling order. Although defendants initially objected, they later withdrew their objections, and the court granted Castro's motion, setting February 17, 2017 as the deadline for the parties to supplement their post-trial motions.  Defendants did not supplement their renewed motion for judgment as a matter of law by this deadline.

In Castro's response to defendants' renewed motion for judgment as a matter of law, he asserts that the court should deny the motion because the pro forma renewed motion itself contains no supporting briefing, and defendants failed to file any supplemental briefing by the February 17, 2017 deadline.  Alternatively, Castro argues that the court should deny defendants' motion for the same reasons it did so at trial.

Defendants maintain in reply that their renewed motion for judgment as a matter of law is sufficient to preserve all issues and requests for relief made in that motion. Alternatively, they request leave to supplement their renewed motion for judgment as a matter of law.

B

In order to grant defendants' motion for leave to supplement, the court must decide whether to modify the February 17, 2017 deadline for the parties to supplement their post-trial motions.  Although the time for filing a Rule 50(b) motion is governed, of course, by Rule 50(b) itself, a motion to supplement such a motion is governed by the court's scheduling order.

- 4 -

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."   "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order."   *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).   Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause."   *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).   "Instead, the movant must show that, despite [its] diligence, [it] could not reasonably have met the scheduling deadline."   *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.) (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

The court assesses four factors when deciding whether to modify a scheduling order under Rule 16(b)(4): "(1) the explanation for the failure to timely [file the supplement]; (2) the importance of the [supplement]; (3) potential prejudice in allowing the [supplement]; and (4) the availability of a continuance to cure such prejudice."   *S & W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted).   The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side."   *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).   When applying this multi-factor test, the court usually denies motions to amend the scheduling order when the moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling

deadline. *See, e.g., id.* (stating that court "remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order," and finding that movant had failed to satisfy good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

## C

### 1

Defendants' explanation for failing to timely supplement their Rule 50 motion consists of the following[2]: the "essence" of their arguments has been preserved in their renewed motion and briefed in their motion to alter or amend and response to Castro's motion to alter or amend; any oversight associated with limited briefing can be corrected by granting leave to supplement; and, although the conduct of counsel does not demonstrate good cause, "it is also true that [g]ranting Defendants' Motion will allow the parties to ensure that all issues

---

[2]Although defendants do not cite Rule 16(b)(4) in their brief, they adequately address the "good cause" standard and the four-factor analysis. "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel,* 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps,* 2009 WL 3294863, at *1) (addressing motions for leave to amend). But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear. *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."); *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.) ("Cartier does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear.").

are properly sharpened, and analyzed pursuant to the standards of both Rule 50 and Rule 59(e), in anticipation of the Court making its final rulings in this case." Ds. 3/24/17 Br. at 5. None of these arguments, however, provides the court with an explanation for *why*, despite their diligence, defendants could not have reasonably met the February 17, 2017 deadline. Moreover, defendants did not object to Castro's motion for entry of a post-trial scheduling order, which specifically included a proposed deadline for filing "supplemental briefing and evidentiary support for renewed motions for judgment as a matter of law." P. 1/20/2017 Mot. at 4. Defendants failed to supplement their renewed motion by the court-ordered deadline to which they did not object. The court therefore concludes that defendants have failed to provide a satisfactory explanation for their failure to timely supplement their Rule 50(b) motion. This factor weighs against granting defendants' motion for leave to supplement their renewed motion for judgment as a matter of law.

2

The second factor considers the importance of the supplement. Defendants contend that "[t]he importance of granting Defendants' Motion is clear in that no other avenue is available by which no Defendant may file such briefing." Ds. 3/24/17 Br. at 5. Castro agrees that supplementing defendants' renewed Rule 50(b) motion with briefing and evidentiary support is important, and, in fact, "critical" to defendants' position, but he contends that "the very importance of properly supplementing the Renewed JMOL weighs against Defendants' request." P. 4/14/17 Br. at 4.

The court concludes that although the requested relief is important, this factor weighs

only slightly in favor of modifying the scheduling order because, as defendants explain in their brief,

> [t]he essence of Defendants' arguments, preserved in its Renewed JMOL, and briefed and/or argued in its Motion to Alter or Amend, and its Response to Defendants' Motion to Alter or Amend, is based in an assertion of "no evidence," or "insufficient evidence." Although proving the negative, which lies at the heart of a "no evidence" issue can sometimes be challenging, Defendants did brief the same in its own Motion to Alter or Amend, and in Response to Plaintiff's Motion to Alter or Amend.

Ds. 3/24/17 Br. at 5.  In other words, because the arguments in support of defendants' renewed motion for judgment as a matter of law are included in their motion to alter or amend the judgment[3]—and because, as the court explains below, the court is willing to consider that briefing in deciding defendants' renewed motion for judgment as a matter of law—it is not important that defendants be permitted to supplement their renewed motion for judgment as a matter of law.

3

The third factor considers potential prejudice in allowing the supplement.

Castro contends that he will be prejudiced if defendants are granted leave to supplement their renewed motion for judgment as a matter of law because permitting such

---

[3]Defendants do not contend that, if the court permits them to supplement their renewed Rule 50(b) motion, they will attempt to include any arguments or evidence beyond what they have already included in their Rule 59(e) briefing.

- 8 -

supplementation will further delay any recovery of damages.[4]  Defendants maintain that Castro will not be prejudiced because he will have a right to respond to defendants' supplemental motion, and the amount of time required to allow all briefing, responses, and replies is "notable, but not excessive" given that more than six months have already passed since the court entered judgment in the instant case.  Ds. 3/24/17 Br. at 5.

The court finds that this factor weighs against granting defendants' motion. Permitting supplemental briefing would require the court to postpone its decision on the pending post-trial motions, thereby prejudicing Castro.  But as the court explains below,  the court can consider the arguments, authorities, and evidence on which defendants rely in support of their Rule 59(e) motion when deciding their renewed motion for judgment as a matter of law.  Accordingly, defendants will not be prejudiced by the court's denying their motion to supplement their renewed motion.

_____

[4]Castro contends:

> Plaintiff has already filed a response to the Defendants' Renewed JMOL, Plaintiff has already fully briefed all of the post-trial motions in this matter as they have been filed, some of which bear strong parallels to the issues set out in Defendants' Renewed JMOL, and the relief requested by Defendants will further delay any recovery by Plaintiff of damages awarded pursuant to the FLSA.  In essence, Defendants are requesting to "turn back the clock" on their Renewed JMOL to be able to brief that motion with the added benefit of having first reviewed all the other post-trial briefing in this matter without even stating with what materials they intend to supplement the Renewed JMOL.

P. 4/14/17 Br. at 5-6.

4

The fourth factor considers the availability of a continuance to cure any prejudice. To the extent that the concept of a continuance means a trial continuance, because this case has already been tried, this factor does not apply. If the concept of continuance is enlarged to include any type of continuance, the court concludes that postponing its decision on the pending post-trial motions would prejudice Castro.

5

The court now considers the four factors holistically. "It does not mechanically count the number of factors that favor each side. And it remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Serv. Temps*, 2009 WL 3294863, at *3.

Assessing the four factors together, the court concludes that defendants have not demonstrated good cause to modify the scheduling order. Defendants have failed to provide a plausible explanation for their delay, particularly given their awareness of, and failure to object to, the proposed post-trial scheduling order that specifically included the February 17, 2017 deadline for filing supplemental briefing and evidentiary support for renewed motions for judgment as a matter of law. Additionally, Castro will be prejudiced by the delay associated without permitting such supplementation, but defendants will not, because the supplementation is not important considering that defendants will be able to make their Rule 50(b) arguments in the context of their Rule 59(e) motion. And a continuance either is not available (because the case has already been tried) or will prejudice Castro.

Accordingly, because defendants have not demonstrated the good cause required by Rule 16(b)(4), the court denies their motion for leave to supplement their renewed motion for judgment as a matter of law.

### III

The court now turns to the merits of defendants' motions.

### A

In their renewed motion for judgment as a matter of law, defendants move for relief on the following ground:

> Plaintiff failed to meet his burden to prove to a preponderance of the evidence that he was retaliated against by any defendant in violation of the FLSA.  Further, Plaintiff failed to prove to a preponderance of the evidence that he would *neither* have [been] both demoted *and* terminated *but for* his alleged participation in activity protected under the FLSA.

Ds. 10/14/16 Br. at 2.  As noted above, *see supra* § II(C)(2), although defendants have not supplemented their Rule 50(b) motion for judgment as a matter of law with "detailed briefing setting forth the arguments, authorities, and evidence on which [they] rel[y]," Ds. 10/14/16 Br. at 2, they contend that they have briefed the "essence" of their arguments in connection with their Rule 59(e) motion to alter or amend the judgment.  Because Castro has had an adequate opportunity to respond to defendants' Rule 59(e) motion and will not be prejudiced by the court's considering the arguments and evidence presented in the motion, and because

the court is aware of no procedural rule that prohibits it from doing so,[5] the court will treat the defendants' brief in support of their Rule 59(e) motion as though it had been properly incorporated into defendants' renewed Rule 50(b) motion.  Accordingly, although the court has denied defendants' motion for leave to supplement their Rule 50(b) motion, it will nonetheless consider the arguments, authorities, and evidence on which defendants rely in support of their Rule 59(e) motion in deciding their renewed motion for judgment as a matter of law.

B

"A motion for judgment as a matter of law 'challenges the legal sufficiency of the evidence to support the verdict.'"  *Jacobs v. Tapscott*, 516 F.Supp.2d 639, 643 (N.D. Tex. 2007) (Fitzwater, J.) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

> Judgment as a matter of law is appropriate with respect to an issue if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on that issue.  This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict.  In considering a Rule 50 motion, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make credibility determinations or weigh the evidence, as those are jury functions.  In reviewing the record as a whole, the court must disregard all evidence

---

[5]*See, e.g., Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (noting that sufficiency of the evidence is properly raised under Rule 50(b), not 59(e), and treating party's Rule 59(e) motion "as the functional equivalent of a Rule 50(b) motion, thereby preserving Elm Ridge's Rule 50(a) motion issue for appellate review.").

> favorable to the moving party that the jury is not required to
> believe.  That is, the court should give credence to the evidence
> favoring the nonmovant as well as that evidence supporting the
> moving party that is uncontradicted and unimpeached, at least
> to the extent that that evidence comes from disinterested
> witnesses.

*Id.* (quoting *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004)).

The court will "'uphold a jury verdict unless the facts and inferences point so strongly and

so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any

verdict to the contrary.'"  *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir.

2011) (alteration in original) (quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th

Cir. 2001)).  "In other words, the 'jury verdict must be upheld unless there is no legally

sufficient evidentiary basis for a reasonable jury to find as the jury did.'"  *Id.* at 1039-40

(quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)).

C

Defendants move for judgment as a matter of law on the jury's finding that Precision

Demolition retaliated against Castro, in violation of the FLSA.  They maintain that, to

succeed on his retaliation claim, Castro was required to prove by a preponderance of the

evidence that

> a.  He engaged in protected activity;
> b.  He was demoted *and* his employment was later terminated;
> c.  That the defendant in question would not have demoted [Plaintiff] and later terminated his employment *but for* [Plaintiff's] engaging in the protected activity; and
> d.  The Defendant in question was [Plaintiff's] employer.

- 13 -

Ds. 10/14/16 Br. at 4.  Defendants maintain that, because there is no evidence in the record that Precision Demolition *terminated* Castro's employment, Castro failed to prove elements (b) and (c), and the jury's finding of retaliation is clearly erroneous.[6]  Defendants also contend that, assuming *arguendo* that the January 16, 2015 Employee Reprimand ("Reprimand") could be considered a termination, the Reprimand is entirely unconnected to Castro's purported complaint regarding his overtime because there is no evidence that Bryan Dunbar ("Dunbar"), the Human Resources Director who drafted the Reprimand, or anyone else at Precision Demolition knew about Castro's complaint at the time the Reprimand was issued.

Castro responds that the evidence is sufficient to support the jury's finding that Precision Demolition terminated his employment: he was given the choice to sign the Reprimand and be suspended without pay indefinitely, or not sign the Reprimand, in which case his employment with Precision Demolition would end; he refused to sign the Reprimand because he believed it contained false allegations regarding his conduct; and as a result of his refusal to sign the Reprimand, his employment with Precision Demolition was terminated. Regarding causation, Castro contends that he testified at trial that, on or about the third week

---

[6]Defendants cite the January 16, 2015 Employee Reprimand, which states: "[Castro] is given an opportunity to resign from employment.  If [Castro] chooses to remain employed by Precision Demolition, his employment will be suspended without pay until further notice while the office attempts to place him on another crew.  By signing below, [Castro] expresses that he wishes to remain employed."  Ds. 10/14/16 Br. at 4.  Defendants also cite to Castro's admission, during cross-examination, that he was aware that his employment was not being terminated and that he was merely being reprimanded.

that he was on the job at the Robinson Center, he first complained to Hugo Martinez

("Martinez") and Leonardo Contreras ("Contreras") about Precision Demolition's failure to

pay overtime.  He maintains that the immediate response to his complaint was a threat to

remove him as a machine operator; that although Martinez did not draft the Reprimand,

Martinez acknowledged that he communicated with Dunbar shortly before the Reprimand

was created; that although Martinez stated there were other reasons for the Reprimand (i.e.,

Castro's failure to follow instructions), none of these reasons is reflected in the Reprimand;

that inconsistent explanations for an adverse employment action can be evidence that

supports a finding that an employer retaliated; and that

> [g]iven the conflicting evidence introduced at trial, and
> particularly the closeness in time between Plaintiff's complaints
> and the reprimand, the discrepancies between what was written
> in the reprimand and what [Martinez] alleges to have discussed
> with [Dunbar], and the fact that the reprimand itself is
> admittedly false on its face, it was not clearly erroneous for the
> jury to conclude that the false reprimand was generated because
> of Plaintiff's complaints to [Martinez and Contreras] regarding
> the Defendants' failure to properly pay overtime[.]

P. 3/10/17 Br. at 6.

Defendants contend in reply that an analysis of the four corners of the Reprimand

shows that every possible outcome "grow[s] out of Plaintiff's choices," Ds. 3/24/17 Reply

at 3; that Castro has consistently testified regarding his awareness that no defendant ever

terminated his employment with Precision Demolition; and that even though the Reprimand

contained a typographical error, the content of the Reprimand is accurate regarding Castro's

*conduct* and accurately represents Precision Demolition's intent to merely reassign, not

terminate, Castro.  Regarding causation, defendants argue that Dunbar was solely responsible for drafting the Reprimand; that Martinez informed Dunbar that Castro was no longer needed but also that he did not want Castro to be fired; and that there is therefore no support for Castro's assertion that he carried his burden on "but-for" causation.  Defendants also dispute Castro's "inconsistent explanations" arguments and contend that the entire record is devoid of any evidence that anyone at Precision Demolition knew about Castro's overtime complaints, and that there is therefore no link between the Reprimand and Castro's purported complaint.[7]

### D

The court holds that a reasonable jury could not have found that Precision Demolition terminated Castro's employment.  Castro testified and introduced evidence at trial that he was told during a January 9, 2015 telephone call that his supervisor (Martinez) did not want him on the job any longer; that when he arrived at Precision Demolition's main office on January 16, 2015 to pick up his paycheck, he was presented with a Reprimand; and that the Reprimand stated:

---

[7]Castro objects to the evidence submitted in support of defendants' reply, contending that this court's local civil rules governing reply briefs do not allow a party to file an additional evidentiary appendix in support of a reply without first obtaining leave of court. This rule applies, however, only to appendixes filed in support of summary judgment reply briefs. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that party may not file summary judgment reply appendix without first obtaining leave of court).  Even so, because the court has not considered the evidence in defendants' reply appendix in deciding their renewed motion for judgment as a matter of law, the court overrules Castro's objections as moot.

>Description of Problem: [Castro] was scheduled to work through the weekend of January 10, 2015, and he notified his supervisor, Hugo Martinez, on the evening of Friday, January 9, 2015 that he needed to return to Dallas and would not be able to work through the weekend.  When Hugo asked [Castro] why he did not give any more notice, [Castro] told Hugo he was sorry, but he had to go.  He then left town and abandoned his employment.
>
>Corrective Action: [Castro] is given an opportunity to resign from employment.  If [Castro] chooses to remain employed by Precision Demolition, his employment will be suspended without pay until further notice while the office attempts to place him on another crew.  By signing below, [Castro] expresses that he wishes to remain employed and he understands that if he abandons his job with no notice and no excuse again, his employment will be terminated immediately.

Ds. 10/14/16 App. at Ex. A.[8]  Castro testified that he refused to sign the Reprimand because he believed it contained a false statement.  Castro did not produce any evidence from which a reasonable jury could have found that Precision Demolition (or anyone at Precision Demolition who had the authority to do so) *actually terminated* Castro's employment.  He argues that the Reprimand gave him only two options: "1) sign the reprimand and be suspended without pay indefinitely; or, 2) not sign the reprimand in which case his employment with Defendants would end."  P. 3/10/17 Br. at 3.  But the Reprimand does *not* state that Castro's refusal to sign it would result in his termination.  And the trial record does not include any other evidence that would have enabled a reasonable jury to find that

_____

[8]Defendants' October 14, 2016 appendix does not comply with the requirements of N.D. Tex. Civ. R. 56.6(b)(3), which requires that each page of an appendix be sequentially numbered.  Accordingly, the court cites the appendix by the exhibit letter designation.

Precision Demolition terminated Castro's employment.[9]

Because a reasonable jury could not have found that Precision Demolition terminated Castro's employment, the court holds that there was insufficient evidence for a reasonable jury to have found that Precision Demolition retaliated against Castro.[10]  Accordingly, the court grants defendants' renewed motion for judgment as a matter of law and dismisses Castro's retaliation claim with prejudice.[11]

---

[9]Castro does not contend that he was constructively discharged, which would have required that he prove that "the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign."  *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994) (addressing constructive discharge in the ADEA context).

[10]Castro does not dispute that, under the court's instructions to the jury, in order to prevail on his FLSA retaliation claim, he was required to prove both that he was demoted *and* that he was later terminated.  Nor does he contend that the court's jury instructions requiring that he prove both demotion *and* termination were erroneous.  Although a demotion alone can constitute an adverse employment action that will support a FLSA retaliation claim, Castro's retaliation claim is based on his "demotion and discharge."  *See* Compl. ¶ 24 ("The *demotion and firing* of [Castro] is in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said *demotion and discharge* was a demand for legally mandated wages and, as a result, [Castro] has been damaged." (emphasis added)).  Moreover, Castro both requested, and did not object to, a jury instruction that required proof of a demotion *and* termination.  *See* P. 8/22/16 Proposed Jury Instructions and Interrogatories at 25 (requiring plaintiff to prove that he was "retaliated against," and defining retaliation as "taking steps to demote Plaintiff *and eventually terminating Plaintiff* because Plaintiff made a complaint for unpaid overtime wages under the [FLSA]." (emphasis added)).

[11]Because the court is dismissing Castro's retaliation claim, it denies as moot defendants' motion under Rule 59(e) to alter or amend the judgment on the grounds that the following jury findings are clearly erroneous: (1) that any defendant retaliated against Castro, and (2) that Castro carried his burden to prove by a preponderance of the evidence that he acted reasonably to mitigate his damages.  The court also denies Castro's Rule 59(e) motion to the extent he contends he is entitled to recover liquidated damages for his retaliation claim.

IV

The court now turns to Castro's motions for judgment as a matter of law and to alter or amend the judgment.

A

Castro moves for judgment as a matter of law on the basis that, as the general partner of Precision Demolition (the limited partnership that employed Castro), Holfords is Castro's employer, as defined by the FLSA. Castro moves to alter or amend the judgment to provide "that [Castro] shall recover his damages, jointly and severally, from [Precision Demolition], Holfords, and Mr. Rinker and Mr. Smith." P. 10/14/16 Br. at 5. He also contends that his costs should be taxed against each defendant and that no defendant's costs should be taxed against him. Defendants do not respond to these grounds of Castro's motions.

B

"Rule 59(e) motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Davila v. Walmart Stores, Inc.*, 2017 WL 1509303, at *1 (N.D. Tex. Apr. 27, 2017) (Fitzwater, J.) (citing *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.)). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, 2008 WL

- 19 -

679030, at *3 (N.D. Tex. Mar. 13, 2008) (Fitzwater, C.J.).

While a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

## C

### 1

The court begins with defendant Holfords. It is undisputed that Holfords is the general partner of Precision Demolition. Under Texas law, general partners of a limited partnership are jointly and severally liable with each other and with the partnership for partnership debts. *Forney 921 Lot Dev. Partners I, L.P. v. Paul Taylor Homes, Ltd.*, 349 S.W.3d 258, 272-73 (Tex. App. 2011, pet. denied); *see also* Tex. Bus. Org. Code § 153.152(b) (West 2012) ("Except as provided by this chapter or the other limited partnership provisions, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners."). Accordingly, the court holds that Holfords is jointly and severally liable for Castro's unpaid overtime compensation under Texas law, without considering whether it also qualifies as Castro's employer under the FLSA.

- 20 -

2

Turning to Rinker and Smith, the jury found that Castro had proved each of the essential elements of his FLSA overtime claim as to these defendants. Defendants do not appear to oppose the court's altering or amending the judgment to reflect that, as Castro's employers, Rinker and Smith are jointly and severally liable for Castro's unpaid overtime compensation from Precision Demolition. Accordingly, the court holds that Rinker and Smith are also jointly and severally liable for Castro's FLSA unpaid overtime compensation.

The court therefore grants Castro's motion under Rule 59(e) to the extent he requests that the court alter or amend the judgment to provide that he recover for unpaid overtime, jointly and severally, from Precision Demolition, Holfords, Rinker, and Smith.[12]

V

As a result of the jury verdict and the court's decisions today, Castro is recovering from defendants, jointly and severally, the modest sum of $608.85 in unpaid overtime compensation and liquidated damages of $608.85. He is not recovering against them on any other basis, including for retaliation. Accordingly, the court concludes in its discretion that each party should bear his or its own taxable costs of court. This does not preclude Castro from recovering such reasonable attorney's fees and related nontaxable expenses as the court may hereafter award on timely motion.

---

[12]Because the court is granting this ground of Castro's Rule 59(e) motion, it need not also address whether Castro is entitled to relief under Rule 50(b).

- 21 -

\*   \*   \*

For the foregoing reasons, the court grants defendants' renewed motion for judgment as a matter of law; denies as moot defendants' motion to alter or amend the judgment; grants in part Castro's motion to alter or amend the judgment; and denies as moot Castro's motion for judgment as a matter of law.  The court is today entering an amended judgment consistent with this memorandum opinion and order.

**SO ORDERED**.

July 11, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE